Samuel C. Straight (7638)
Rick B. Hoggard (5088)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500
sstraight@rqn.com
rhoggard@rqn.com

Attorneys for Plaintiff Moxtek, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOXTEK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTIMUM TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. _____<br><br>**PATENT DECLARATORY JUDGMENT COMPLAINT**<br><br>**JURY DEMANDED**<br><br>Judge: _____ |

Plaintiff Moxtek, Inc. ("Moxtek") hereby complains and alleges against Defendant Optimum Technologies, Inc. ("Optimum") as follows:

**Parties**

1. Plaintiff Moxtek is a Delaware corporation with its principal place of business in Orem, Utah, and is the worldwide leader in the manufacture of wire grid polarizers (sometimes referred to as polarizers or wgp), having developed a portfolio of patents and other intellectual property for such manufacture.

2.     Upon information and belief, Defendant Optimum, a Massachusetts corporation with its principal place of business in Southbridge, Massachusetts, provides design services in the development of optical medical devices, and is the assignee and owner of United States Patent No. 7,130,047 (the "'047 Patent") at issue in this action (possibly subject to certain rights of the United States in that patent).  A copy of the '047 Patent is attached hereto as Exhibit A.

### Jurisdiction and Venue

3.     This Court has jurisdiction over this declaratory judgment action under to 28 U.S.C. §2201(a) because the case arises under an Act of Congress relating to patents within the jurisdiction of this Court as provided by 28 U.S.C. §1338(a).

4.     Moxtek has standing to bring this declaratory judgment action because there is an actual controversy between the parties as evidence by Optimum's formal notice infringement of the '047 Patent by letter dated May 13, 2016.

5.     Venue is correct in this action under either 28 U.S.C. §1391(b)((2) or §1400(b) because a substantial part of the events or omissions giving rise to the claims occurred, including the acts of alleged infringement, in Utah County, Utah.

6.     This Court has jurisdiction over Optimum in this action because, as alleged below, Optimum: (i) formally notified Moxtek of infringement in Utah, which allegation of infringement occurs in and causes injury within this state; and (ii) transacted business within Utah and intentionally reached out to Moxtek in Utah by entering into a Polarizer Supply Agreement, dated October 29, 2003, ("Agreement"), for the development, manufacture and sale by Moxtek of wire grid polarizers and related technologies for a fiber optic device being developed by Optimum, from which Agreement this action arises or is substantially related.

## Background

### (Wire grid polarizers)

7. Wire grid polarizers are regular arrays of metallic wires formed on substrates. When the spacing between the wires is less than (and generally much less than) the wavelength of incident light, polarizers pass a component of the light with a certain orientation, while reflecting or absorbing that component of light with different orientations–similar to how sunglasses filter visible light. Light of a single orientation is called polarized light, which is useful in many optical devices, such as projectors and sensors of different types.

8. The spacing between wires in polarizers is very small (between about 40 nm and about 100 nm for visible light). The rows of metallic wires are typically formed on a substrate through various lithographic methods, such as those used for semiconductors.

9. Wire grid polarizers are frequently manufactured on a substrate or wafer with the wires all having the same orientation, then cut to the desired size and shape – these are called linear polarizers.

10. It has been long known in the art, however, that it may be desirable to have more than one polarizing region, with different wire orientations, on a single substrate, each separate polarizing region to correspond or pass light to a separate sensor (hereinafter "pixelated polarizers"), such as shown in United States Patent No. 5,416,324, issued in 1995.

### (The Agreement)

11. Optimum approached Moxtek in late 2002 for assistance in the design of a fiber optic probe, which culminated in the Agreement between the parties in October 2003 for the development and manufacture of wire grid polarizer wafers to be sold to and cut (or

"singulated") by Optimum for its probe.  A copy of the Agreement is attached hereto as Exhibit B.

12. In the Agreement, the parties "agree[d] that intellectual property is likely to be created during this work," and further agreed that "all IP which lies in the manufacture of the wire-grid polarizer, up to the delivery of a wafer . . . will belong to MOXTEK" (without any rights of Optimum)"  (Agreement, at p.2.)

13. All IP "in the novel fabrication of singulated parts outside of Moxtek's current fabrication capabilities," however, would belong to Optimum, subject to "a non-exclusive license [in favor of Moxtek] to any such IP owned by Optimum for reasonable and customary license and royalty fees," with a "first right-of-refusal" in Optimum "for manufacturing any devices … which require use of this license."  (*Id.*)

14. Moxtek developed, manufactured and sold several wafers of pixelated wire grid polarizers for testing by Optimum with its fiber optic probe, but, upon information and belief, that probe was not commercialized.

**(The Dispute)**

15. In 2004 and 2005, Optimum filed applications for United States patents, which resulted in the issuance of the '047 Patent on October 31, 2006, without listing Moxtek employees as inventors, and naming itself as sole "assignee."

16. The '047 Patent claims a method of "creating a tooling design" for the manufacture of pixelated wire grid polarizers by, in relevant part, establishing "tooling information" for the orientation of the wires within each "pixel" (*e.g.*, area with wires of the same orientation) of the polarizer.

17. However, establishing such "tooling information" was well-known in the art well before Optimum's patent applications, and is inherent in the manufacturing methods of most, if not all, pixelated polarizers.

18. In 2015, Optimum offered to sell the '047 Patent to Moxtek for $1,000,000, despite the trivial and obvious nature of the claims in that patent, which offer Moxtek declined.

19. On May 16, 2016, Optimum provided Moxtek with a "formal notice of infringement" of the '047 Patent.

**FIRST CLAIM FOR DECLARATORY RELIEF**
**(PATENT NON-INFRINGEMENT)**

20. Moxtek incorporates by reference the allegations in the preceding paragraphs in this Complaint.

21. To the extent, if any, that the '047 Patent in valid or enforceable, Moxtek does not infringe that patent.

**SECOND CLAIM FOR DECLARATORY RELIEF**
**(PATENT INVALIDITY)**

22. Moxtek incorporates by reference the allegations in the preceding paragraphs in this Complaint.

23. The '047 Patent is invalid because it claims subject matter that is not patentable under 35 U.S.C. §101.

24. The '047 Patent is invalid because it does not satisfy the conditions for patentability of novelty under 35 U.S.C. §102, including subsections (a), (b), (f) and (g)(2), non-obviousness under 35 U.S.C. §103, or otherwise under Title 35.

25. The '047 Patent is also invalid for failure to comply with the requirements of 35 U.S.C. §112 of a written description, enablement, and definiteness.

26. Upon information and belief, the '047 Patent is also invalid because it did not name the correct inventors in violation of 35 U.S.C. §116 because, to the extent if any that the '047 Patent claims would be otherwise valid, Moxtek invented or was a joint inventor of one or more of those claims.

## PRAYER FOR RELIEF

WHEREFORE, Moxtek prays that the Court enter a judgment:

A. Declaring that Moxtek does not infringe the '047 Patent, to the extent, if any, that the patent is valid or enforceable.

B. Declaring that the '047 Patent is invalid and unenforceable.

C. For any such additional relief to which Moxtek may be entitled.

DATED this 3rd day of June, 2016.

                RAY QUINNEY & NEBEKER, P.C.

                /s/ Rick B. Hoggard
                Samuel C. Straight
                Rick B. Hoggard

                *Attorneys for Plaintiff Moxtek, Inc.*

Plaintiff's address*:*

452 West 1260 North
Orem, UT 84057

1375210